UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GINGER B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5160-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting her testimony, improperly evaluating medical evidence, and by making an unsupported step five finding. (Dkt. # 13.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1971, has a limited education, and previously worked as a fast-food worker and cleaner/housekeeper. AR at 31-32. Plaintiff applied for benefits on January 28, 2019, alleging disability beginning July 16, 2018. *Id.* at 15. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in September 2020, taking testimony from

ORDER - 1

1  Plaintiff and a vocational expert. *See id.* at 39-88. In October 2020, the ALJ issued a decision
2  finding Plaintiff not disabled. *Id.* at 12-38. In relevant part, the ALJ found that Plaintiff's severe
3  impairments, including lumbar degenerative disc disease and facet arthropathy, right hip
4  degenerative changes related to history of non-Hodgkin's lymphoma, history of coronary artery
5  disease with coronary artery bypass grafting, hypertension, major depressive disorder,
6  generalized anxiety disorder vs. social anxiety disorder, and post-traumatic stress disorder
7  (PTSD) limited her to light work subject to a series of further limitations. *Id.* at 17-18, 21. Based
8  on vocational expert testimony, the ALJ found Plaintiff could perform the full range of light
9  work found in significant numbers in the national economy. *Id.* at 32-33. The Appeals Council
10 denied review on February 10, 2021. *Id.* at 1-6. Plaintiff appealed this final decision of the
11 Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

ORDER - 2

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering. AR at 22. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Among other grounds, the ALJ discounted Plaintiff's testimony as: (1) inconsistent with Plaintiff having "successfully worked despite her longstanding low back, right hip, and mental conditions," and (2) undermined by Plaintiff's activities, including "go[ing] out unaccompanied," "perform[ing] household chores," and engaging in social activities. AR at 27-28. Plaintiff does not challenge either of these grounds, both of which are valid reasons for discounting Plaintiff's testimony. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."); *Molina*, 674 F.3d at 1113 ("The ALJ could reasonably conclude that [claimant's] activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was

ORDER - 3

incapable of being around people without suffering from debilitating panic attacks."). The ALJ accordingly did not err by discounting Plaintiff's testimony on these grounds.

Because the ALJ gave at least two valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and, therefore, harmless. *See Molina*, 674 F.3d at 1115 (where ALJ provided at least one valid reason to discount testimony, error in remaining reasons is harmless).

B. **The ALJ Did Not Err in Evaluating the Medical Evidence**

Plaintiff filed her disability claim in January 2019. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ is required to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have

ORDER - 4

focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

      1.      Kisha Clune, M.D.

Dr. Clune examined Plaintiff in April 2019 and opined that Plaintiff's "ability to perform work duties at a sufficient pace is poor based on the claimant's ability to perform activities of daily living" and "ability to maintain regular attendance in the workplace and complete a normal workday without interruptions is poor based on activities of daily living and past work experience." AR at 780. The ALJ found Dr. Clune's opinion "partially persuasive." *Id*. at 30. Among other reasons, the ALJ discounted Dr. Clune's opinion as "based on Plaintiff's subjective reports." *Id*. Given the ALJ's treatment of Plaintiff's testimony, as discussed above, this is a valid ground on which to discount the doctor's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014) (ALJ may reject doctor's opinion if based "to a large extent" on discredited self-reports); *Bray*, 554 F.3d at 1228 ("As the district court noted, however, the treating physician's prescribed work restrictions were based on [claimant's] subjective characterization of her symptoms. As the ALJ determined that [claimant's] description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ gave at least one valid reason for discounting Dr. Clure's opinion, the Court need not address the balance of the ALJ's stated reasons for discounting the opinion. Any

ORDER - 5

inclusion of erroneous reasons was inconsequential, and therefore, harmless. *See Molina*, 674 F.3d at 1115.

### 2. *Kimberly Wheeler, Psy.D.*

Dr. Wheeler examined Plaintiff in September 2019 and opined via a check box form that Plaintiff had marked limitations performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR at 745. The ALJ found Dr. Wheeler's opinion "persuasive." *Id.* at 28. However, the ALJ noted that Dr. Wheeler expanded on his check box form by explaining that Plaintiff did not experience these marked limitations when she was in relative isolation. *Id.* (citing *id.* at 745 ("Overall, [Plaintiff] isn't expressing marked levels of psychological distress, if she can stay away from public, and leave social situations when she needs to.").) Dr. Wheeler also opined that Plaintiff's mental limitations would last just eight months with treatment. *Id.* The ALJ accommodated Dr. Wheeler's limitation in her RFC by limiting Plaintiff to "less than occasional contact with supervisors and co-workers [and] no contact with the public." *Id.* at 21.

Because Plaintiff has not established that the ALJ erred in assessing either his testimony or the medical opinion evidence, he has not shown that the ALJ's RFC assessment or step-five findings failed to account for any credited evidence or were erroneous in any other respect.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 27th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge