UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINGER B.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C21-5160-MLP

AMENDED ORDER

This matter comes before the Court on Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 18.) For the following reasons, the Court GRANTS Plaintiff's motion.

The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange*

AMENDED ORDER - 1

1  *St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

2  In her Rule 59(e) motion, Plaintiff argues that the Court's decision contain clear error because it fails to address Plaintiff's argument that the ALJ erred at step five, and this error was independently reversible. (Dkt. # 18.) The Court agrees. For the reasons explained in the prior order (dkt. # 16), the Court continues to reject Plaintiff's arguments as to the ALJ's assessment of Plaintiff's testimony and the disputed medical opinions, but now finds that the ALJ's step-five findings are nonetheless erroneous. Accordingly, the Court vacates the prior order and judgment (dkt. ## 16-17) and issues the following amended order.

## I.  BACKGROUND

Plaintiff was born in 1971, has a limited education, and previously worked as a fast-food worker and cleaner/housekeeper. AR at 31-32. Plaintiff applied for benefits on January 28, 2019, alleging disability beginning July 16, 2018. *Id.* at 15. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in September 2020, taking testimony from Plaintiff and a vocational expert. *See id.* at 39-88. In October 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-38. In relevant part, the ALJ found that Plaintiff's severe impairments, including lumbar degenerative disc disease and facet arthropathy, right hip degenerative changes related to history of non-Hodgkin's lymphoma, history of coronary artery disease with coronary artery bypass grafting, hypertension, major depressive disorder, generalized anxiety disorder vs. social anxiety disorder, and post-traumatic stress disorder (PTSD) limited her to light work subject to a series of further limitations. *Id.* at 17-18, 21. Based on vocational expert testimony, the ALJ found Plaintiff could perform work found in significant numbers in the national economy. *Id.* at 32-33. The Appeals Council denied review on February

AMENDED ORDER - 2

10, 2021. *Id.* at 1-6. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

## II.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III.   DISCUSSION

### A.   The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering.

AMENDED ORDER - 3

AR at 22. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Among other grounds, the ALJ discounted Plaintiff's testimony as: (1) inconsistent with Plaintiff having "successfully worked despite her longstanding low back, right hip, and mental conditions," and (2) undermined by Plaintiff's activities, including "go[ing] out unaccompanied," "perform[ing] household chores," and engaging in social activities. AR at 27-28. Plaintiff does not challenge either of these grounds, both of which are valid reasons for discounting Plaintiff's testimony. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."); *Molina*, 674 F.3d at 1113 ("The ALJ could reasonably conclude that [claimant's] activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks."). The ALJ accordingly did not err by discounting Plaintiff's testimony on these grounds.

Because the ALJ gave at least two valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and, therefore, harmless. *See Molina*, 674 F.3d at 1115 (where ALJ provided at least one valid reason to discount testimony, error in remaining reasons is harmless).

AMENDED ORDER - 4

### B. The ALJ Did Not Err in Evaluating the Medical Evidence

Plaintiff filed her disability claim in January 2019. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ is required to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

       1.     Kisha Clune, M.D.

Dr. Clune examined Plaintiff in April 2019 and opined that Plaintiff's "ability to perform work duties at a sufficient pace is poor based on the claimant's ability to perform activities of daily living" and "ability to maintain regular attendance in the workplace and complete a normal workday without interruptions is poor based on activities of daily living and past work experience." AR at 780. The ALJ found Dr. Clune's opinion "partially persuasive." *Id*. at 30. Among other reasons, the ALJ discounted Dr. Clune's opinion as "based on Plaintiff's subjective reports." *Id*. Given the ALJ's treatment of Plaintiff's testimony, as discussed above, this is a valid ground on which to discount the doctor's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014) (ALJ may reject doctor's opinion if based "to a large extent" on discredited self-reports); *Bray*, 554 F.3d at 1228 ("As the district court noted, however, the treating physician's prescribed work restrictions were based on [claimant's] subjective characterization of her symptoms. As the ALJ determined that [claimant's] description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Because the ALJ gave at least one valid reason for discounting Dr. Clune's opinion, the Court need not address the balance of the ALJ's stated reasons for discounting the opinion. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Molina*, 674 F.3d at 1115.

       2.     Kimberly Wheeler, Ph.D.

Dr. Wheeler examined Plaintiff in September 2019 and opined via a check box form that Plaintiff had marked limitations performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR at 745. The ALJ found Dr. Wheeler's opinion "persuasive." *Id*. at 28. However, the ALJ noted that

1  Dr. Wheeler expanded on the check box form by explaining that Plaintiff did not experience
2  these marked limitations when she was in relative isolation. *Id.* (citing *id.* at 745 ("Overall,
3  [Plaintiff] isn't expressing marked levels of psychological distress, if she can stay away from
4  public, and leave social situations when she needs to.").) Dr. Wheeler also opined that Plaintiff's
5  mental limitations would last just eight months with treatment. *Id.* The ALJ accommodated Dr.
6  Wheeler's limitation in her RFC by limiting Plaintiff to "less than occasional contact with
7  supervisors and co-workers [and] no contact with the public." *Id.* at 21.

8         **C.**        **The Commissioner Did Not Meet the Step-Five Burden**

9         The parties agree that the ALJ's decision contains a scrivener's error and that the
10  vocational expert ("VE") testified that there are only 14,565 jobs in the national economy that
11  Plaintiff can perform. (*See* dkt. # 13 at 2; dkt. # 14 at 13.) The ALJ relied on the VE's testimony
12  at step five to find that Plaintiff could perform jobs that exist in significant numbers and is
13  therefore not disabled. *See* AR at 32-33.

14         At step five, the Commissioner bears the burden to show that a claimant is not disabled
15  because he or she can perform other work that exists in significant numbers in the national
16  economy. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). The Ninth Circuit has not set a bright-line
17  rule defining a minimum number of jobs that constitutes a "significant number" for purposes of
18  step-five findings, but suggests that "a comparison to other cases is instructive" for that purpose.
19  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

20         Plaintiff argued in her brief, and again in her Rule 59(e) motion, that the 14,565 jobs
21  relied upon by the ALJ at step five are too few to constitute "significant," and the Court agrees.
22  In *Gutierrez v. Commissioner of Social Security Administration*, the Ninth Circuit found that
23  25,000 jobs was a "close call" but nonetheless significant. 740 F.3d 519, 526 (9th Cir. 2014).

AMENDED ORDER - 7

This court has previously held that job numbers higher than 14,565 are not significant. *See, e.g.*, *Russell H. v. Comm'r of Social Sec.*, 2021 WL 3186047, at *2-3 (W.D. Wash. Jul. 28, 2021) ("Although the Court is aware that some courts have found job numbers lower than 15,169 to be significant, these findings are not binding on this Court and appear inconsistent with the Ninth Circuit's guidance that whether 25,000 jobs is a significant number is a 'close call.'" (footnote omitted)). Accordingly, the Court finds that the 14,564 national jobs identified in this case are likewise not significant, and that the Commissioner failed to meet her burden at step five.

### D.     Scope of Remand

A review of the record indicates that the Commissioner is not entitled to another opportunity to meet that burden because the VE testified that there were no other jobs that Plaintiff could perform beyond the jobs already identified, which do not exist in significant numbers. *See* AR at 81-83. Thus, remanding this matter for further proceedings would serve no useful purpose. Under these circumstances, the Court remands this case for a finding of disability. *See, e.g.*, *Sean Patrick R. v. Saul*, 2019 WL 6131435 (D. Or. Nov. 18, 2019) (finding that where a VE identified all of the jobs that could be performed by plaintiff, and the number of those jobs do not constitute a significant number, a remand for a finding of disability is appropriate because further proceedings would serve no useful purpose).

Although the Commissioner argues that the record raises serious doubt as to whether Plaintiff is disabled and entitled to benefits (dkt. # 19 at 3), pointing to evidence undermining Plaintiff's allegations, the ALJ relied on that same evidence in discounting Plaintiff's allegations in the written decision (AR at 27-28). As explained *supra*, the Court affirms the ALJ's assessment of Plaintiff's testimony. Thus, the Court agrees with the Commissioner that the ALJ properly discredited Plaintiff's allegations, but that is not the issue: the ALJ properly discredited

AMENDED ORDER - 8

Plaintiff's testimony and yet crafted an RFC assessment that nonetheless fails to permit Plaintiff to perform jobs that exist in significant numbers. The Commissioner has not shown that the unreliability of Plaintiff's testimony raises serious doubt as to whether Plaintiff is entitled to benefits, and the Court rejects the Commissioner's contention that a finding of disability would be inappropriate on that basis.

### IV.   CONCLUSION

For these reasons, the Court finds that Plaintiff has shown she is entitled to relief under Rule 59(e) and her motion (dkt. # 18) is therefore GRANTED. The prior order (dkt. # 16) and judgment (dkt. # 17) are VACATED. For the reasons explained herein, the Commissioner's decision is REVERSED, and the case is REMANDED for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 4th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge